FILED'10 AUG 5 9:57USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

WILMER KEITH BRECKENRIDGE,

       Plaintiff,            Civil No. 08-734-CL

       v.                      REPORT AND
                                RECOMMENDATION
HARLEY LAPPIN, et al.,

       Defendants.

CLARKE, Magistrate Judge.

    Plaintiff, a federal inmate in the custody of the Bureau of Prisons (BOP), filed a complaint under 42 U.S.C. § 1983 challenging the constitutionality of Program Statement 5522.01, the BOP's internal policy statement governing the use of ion spectrometry devices to screen prison visitors for prohibited substances.[1]

---

[1] Plaintiff cited BOP Program Statement 5520.01 in his complaint. The policy number of the statement relating to ion spectrometry screening was changed from 5520.01 to 5522.01 on March 30, 2007.

1 - REPORT AND RECOMMENDATION

By Order (#82) entered June 7, 2010, plaintiff was advised of the federal summary judgment standards and allowed until July 7, 2010 to file any evidence or argument in support of his claim or to show cause in writing why defendants' motion for summary judgment (#66) should not be allowed. The Order (#82) was returned to the court as "undeliverable."

Defendants' (un-controverted) Concise Statement of Material Facts (#67) and Memorandum in Support of Summary Judgment (#68) establish:

1.) Plaintiff does not have standing to bring a due process claim on behalf of a third party visitor to the institution.

2.) The BOP has a legitimate penological interest in keeping illegal substances out of the prison.

3). Program Statement 5522.01 directing the use of ion spectrometry devices to screen visitors for the presence of illegal drugs is clearly and rationally related to the BOP's interest in maintaining discipline and safety within the prison.

4.) The BOP's use of ion scanning devices to screen visitors to the prison for prohibited substances does not violate plaintiff's Fifth Amendment right to due process or plaintiff's First Amendment right to association.

5.) Plaintiff has failed to prove or create a genuine

2 - REPORT AND RECOMMENDATION

issue of material fact concerning his allegation that all six of his mother's positive test results were false positives. Even if plaintiff could prove that his mother was denied visitation based on false positive test results, plaintiff's First Amendment claim fails as a matter of law given the penological interest that the BOP has in excluding illegal substances from the prison.

5.) There are no genuine issues as to any material fact remaining in this case and defendants are entitled to judgment as a matter of law.

Based on the foregoing, defendants' unopposed Motion for Summary Judgment (#66) should be allowed and this action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right

3 - REPORT AND RECOMMENDATION

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___7___ day of August, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

4 - REPORT AND RECOMMENDATION